John A. Treptow, ABA #7605059
Wendy E. Leukuma, ABA #0211048
DORSEY & WHITNEY LLP
1031 West 4th Avenue, Suite 600
Anchorage, Alaska  99501-5907
Telephone: (907) 276-4557
Facsimile:  (907) 276-4152

Attorneys for Inlet Fisheries, Inc.
  and Inlet Fish Producers, Inc.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYDS, LONDON, SUBSCRIBING TO CERTIFICATE OF INSURANCE OP01 0025, through Puget Sound Underwriters, Inc.,<br><br>        Plaintiff,<br><br>vs.<br><br>INLET FISHERIES, INC., an Alaska corporation, and INLET FISH PRODUCERS, INC., an Alaska corporation,<br><br>        Defendants and Third-Party Plaintiffs,<br><br>vs.<br><br>TOTEM AGENCIES, INC., a Washington corporation,<br><br>        Third-Party Defendant. | Case No. A04-0058 CV (JWS)<br><br>**INLET FISHERIES, INC.'S AND INLET FISH PRODUCERS, INC.'S MOTION TO RELAX DEADLINE UNDER LOCAL RULE 59.1 FOR FILING MOTION FOR <u>RECONSIDERATION</u>** |

Defendants and third-party plaintiffs, Inlet Fisheries, Inc. ("IFI") and Inlet Fish

Producers, Inc. ("IFPI"), by and through their attorneys Dorsey & Whitney LLP, hereby

DORSEY & WHITNEY LLP
1031 West 4th Avenue, Suite 600
Anchorage, AK 99501
(907) 276-4557

move this Court for an order relaxing Local Rule 59.1 and allowing IFI and IFPI to file a motion for reconsideration of this Court's Order of September 12, 2005 (Docket No. 181) due to newly discovered evidence.

This Court's order granted Lloyds' motion for summary judgment (Docket No. 135) and denied Inlet's cross-motion for summary judgment (Docket No. 151). As a central underpinning of the Court's grant of summary judgment to Lloyds, the Court adopted Lloyds' proposed standard of materiality with respect to what facts must be disclosed to an underwriter. The Court found that Lloyds' proposed standards were consistent with those of the leading underwriter of marine pollution insurance in the United States, WQIS, and thus with industry standards. (Docket No. 181, p. 32) The Court cited to and specifically relied on the Declaration of Russell Brown of WQIS in making that finding. The Court held:

> This evidence, uncontradicted, not only supports the grant of summary judgment on the issue but, under controlling law, compels it.

(Docket No. 181, p. 32)

Mr. Brown's Declaration, offered at the eleventh hour with Lloyd's Reply to Inlet's Opposition to Motion for Summary Judgment and in Opposition to Cross-Motion for Summary Judgment, however, is inconsistent with the testimony Mr. Brown subsequently gave as the corporate representative of WQIS on December 8, 2005, suggesting that it was not WQIS's actual practice to consider prior loss history of the insured, vessel condition, and prior cancellation of a pollution insurer in determining whether to accept a risk and set a premium. His declaration is inconsistent with

DORSEY & WHITNEY LLP
1031 West 4th Avenue, Suite 600
Anchorage, AK 99501
(907) 276-4557

documents <u>subsequently</u> produced by WQIS on December 8, 2005,[1] about WQIS's actual practice in first issuing insurance to IFI in 1992, and in renewing IFI's policy through the years until IFI procured insurance from Lloyds. What Lloyds argued was the industry standard for materiality of representations was not at all the standard in fact applied by WQIS, the leading insurer of stand alone vessel pollution insurance in the United States. The primary underpinning of this Court's decision is faulty, and at a minimum raises genuine issues of material fact precluding summary judgment for Lloyds.

Although reconsideration is an extraordinary remedy, it should be granted when "the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." <u>Carroll v. Nakatani</u>, 342 F.3d. 934, 945 (9th Cir. 2003). Mr. Brown's subsequent deposition and the underwriting files produced at that deposition are new evidence that were not available prior to the completion of briefing and this Court's order. Mr. Brown was not identified as a witness until Lloyds filed Mr. Brown's declaration with its reply brief. IFI and IFPI had no opportunity to depose him prior to the completion of briefing on summary judgment. "Statements at other times by one who was a witness in a civil action, inconsistent with his testimony at the trial, discovered by a party subsequent to the trial of the action, are generally ground for an application for a new trial." 10 G. Van Ingen, A.L.R.2d 381, § 2. At a minimum, this new evidence adduced subsequent to the Court's ruling of September 12, 2005, clearly demonstrates a genuine issue of material fact as to the

---

[1] Lloyds, prior to filing its Motion for Summary Judgment, had subpoenaed documents from WQIS. In response to the subpoena, WQIS produced only its claims files. WQIS failed to produce its underwriting files until the December 8, 2005 Rule 30(b)(6) deposition.

DORSEY & WHITNEY LLP
1031 West 4th Avenue, Suite 600
Anchorage, AK 99501
(907) 276-4557

industry standard of materiality for what information an insurer usually relies on to underwrite vessel pollution insurance, and justifies reconsideration of this Court's order. Because there are genuine issues of material fact whether IFI and IFPI's alleged misrepresentations were actually material to the procurement of vessel pollution insurance, this Court should reconsider its summary judgment that Lloyds policy was void *ab initio* and let these issues go to trial.

IFI and IFPI respectfully request that this Court accept the motion for reconsideration filed herewith.

DATED this 6th day of January, 2006, at Anchorage, Alaska.

DORSEY & WHITNEY LLP
Attorneys for Inlet Fisheries, Inc. and
Inlet Fish Producers, Inc.

<u>CERTIFICATE OF SERVICE</u>

This certifies that on the 6th day of January, 2006, a copy of the foregoing document was served electronically on:

Thomas A. Matthews
Matthews & Zahare, P.C.
431 W. 7th Avenue, Suite 207
Anchorage, AK 99501

Brewster H. Jamieson
Lane Powell
301 West Northern Lights Boulevard, Suite 301
Anchorage, AK 99503-2648

Christopher W. Nicoll
Nicoll Black Misenti & Feig, PLLC
816 Second Avenue, Suite 300
Seattle, WA 98104-1502

<u>s/John A. Treptow</u>

By:<u>s/John A. Treptow</u>
    John A. Treptow, ABA #7605059
    Wendy E. Leukuma, ABA #0211048
    DORSEY & WHITNEY LLP
    1031 West 4th Avenue, Suite 600
    Anchorage, Alaska 99501
    Phone: 907-276-4557
    Fax: 907-276-4152
    Email: treptow.john@dorsey.com
    Email: leukuma.wendy@dorsey.com