

| | | |
|---|---|---|
| PHILADELPHIA | **COZEN** | NEW YORK |
| ATLANTA | | NEWARK |
| CHARLOTTE | | SAN DIEGO |
| CHERRY HILL | | SAN FRANCISCO |
| CHICAGO | **O'CONNOR** | SEATTLE |
| DALLAS | | WASHINGTON, DC |
| LAS VEGAS | ATTORNEYS | WEST CONSHOHOCKEN |
| LONDON | | WILMINGTON |
| LOS ANGELES | | |

A PROFESSIONAL CORPORATION

SUITE 5200   WASHINGTON MUTUAL TOWER   1201 THIRD AVENUE   SEATTLE, WA 98101-3071
206.340.1000   800.423.1950   206.621.8783 FAX   www.cozen.com

September 10, 2002

Christopher W. Nicoll
Direct Dial 206.224.1254
Fax 206.621.8783
cnicoll@cozen.com

Inlet Fisheries, Inc. and
Inlet Fish Producers, Inc.
P.O. Box 530
Kenai, AK 99611

Re:   Incident   :   Sinking of QUANIRTUUG PRINCESS Near Bethel, Alaska
      D/Loss     :   August 24, 2002
      Policy No. :   OP01 0025

Dear Sirs:

We are writing at the request of our clients, those Underwriters at Lloyds subscribing through American E & S to the above referenced policy [hereafter "Underwriters"]. We have been engaged by them to provide advice with respect to whether they are obliged to cover you for losses arising from or related to the referenced sinking and resulting pollution or threat of pollution. They have authorized us to undertake such investigations as are reasonably necessary in order for us to properly advise them of the nature and extent of their obligations to you under the circumstances of this claim. To that end we have engaged the services of Ian Hogben of the Salvage Association and may engage additional professionals to assist us in our inquiries. Mr. Hogben has traveled to Bethel and is currently on site gathering information for our use. Additionally, American E & S has hired Dave Willoughby who has also performed certain investigations. These investigations on behalf of Underwriters are being carried out pursuant to Underwriters' obligation to investigate a loss and pursuant to the Policy, section IV.8. We anticipate and will appreciate your complete cooperation with us and with Mr. Hogben.

In the meantime, we must advise that Underwriters have asked us to convey to you on their behalf that they have certain reservations about this loss and the expected claim for coverage. Although they are investigating, as set forth above, these investigations are carried out entirely without prejudice to any and all rights of the Underwriters to deny coverage for any reason, which rights are specifically reserved. At present, and without limiting the generality of this reservation of rights, Underwriters wish to advise you of their following concerns:

EXHIBIT F
Page 1 of 3

September 10, 2002
Page 2

- That your loss history was not fully and accurately disclosed to them at the time the Policy was placed. Failure to disclose a fact that is material to the underwriting decision can result in loss of coverage. Underwriters are concerned because shortly after receiving notice of the QUANIRTUUG PRINCESS' sinking, they learned that in the year prior to placement of this Policy, the MAREN 1, said to be a "sister ship" to the QUANIRTUUG PRINCESS, suffered a pollution incident, grounded, and had to be towed to deeper waters and scuttled. At the time this Policy was placed with Underwriters, they were advised you had no pollution loss history and no details about the MAREN 1 were provided to Underwriters.

- That inaccurate information concerning the materials on board the QUANIRTUUG PRINCESS was supplied when the Policy was placed. In filling out the application, your agent was asked whether the vessel carried hazardous material. He answered "no." The vessel has been found to have tanks of ammonia on board and its lines are partially charged with ammonia. Additionally your agent stated that no oil was carried on board (including diesel) for use other than self-propulsion. The vessel is leaking some amount of diesel fuel at present, although the source of that fuel is not yet certain.

- That, contrary to the terms of the quote supplied to you, it appears you may not have taken out and maintained in force a separate policy of protection and indemnity insurance. See the attached OPA CONFIRMATION OF COVERAGE BOUND dated August 27, 2001. To date your agent has been unable or unwilling to advise us whether there was protection and indemnity insurance on the QUANIRTUUG PRINCESS at the time of this loss.

- That you may have violated expressed or implied warranties of seaworthiness with respect to the QUANIRTUUG PRINCESS.

- That you may have failed to promptly and reasonably report the incident and cooperate with responding authorities. If this has resulted in or may result in liability greater than that for which you would have otherwise been liable, Underwriters will be entitled to decline the additional liability. See Policy Exclusion, section II.2.

On behalf of Underwriters, we reserve the right to specify other bases for concern as and if they are discovered, including specifically each of the Policy's exclusions.

As is customary in the case of an unexplained sinking in calm waters close to shore, we are also investigating to determine whether the sinking was the result of any excluded wrongful intentional conduct. See Policy Exclusion, section II.1.

EXHIBIT F
Page 2 of 3

September 10, 2002
Page 3

---

We will endeavor to complete the investigation promptly. We would be grateful if you could provide a definitive answer regarding whether you carried P&I insurance on the date of the loss. We also request that you provide us with your files and correspondence concerning the MAREN 1, including specifically any correspondence with any insurers of that vessel.

If you have any questions about this letter please feel free to contact me.

Very truly yours,

COZEN O'CONNOR

Christopher W. Nicoll
CWN:dk

cc:   American E & S (via facsimile, 206-708-2001)
      Attn:   Amanda Schaeffer
             Chris Elliot

EXHIBIT F
Page 3 of 3