

## POLICY OF INSURANCE
(Combined Companies Form)

No. MH001319

In consideration of the premium as hereinafter stated, the various companies named herein, severally but not jointly, do hereby insure the assured named herein for the amounts of the proportions set opposite their respective names. All subject to the terms and conditions of the forms and endorsements attached herein.

**ASSURED:** Inlet Fisheries, Inc., Inlet Fish Producers, Inc. and Artic Salmon, Inc.

**LOSS PAYEE:** See attached.

**VESSEL:** Per Schedule

**COVERAGE:** Hull & Machinery Per Schedule
Protection & Indemnity $500,000.

**PERIOD:** April 30, 2000, Noon, Standard Time to
April 30, 2001, Noon, Standard Time

**CONDITIONS:** As per terms and conditions attached.

**PREMIUM:** $$21,808.00

Any provisions required by law to be stated in the policies issued by any company subscribing hereto shall be deemed to have been stated herein. It is further agreed that each of the companies will issue their individual policies in accord with the terms described herein, upon demand by the Assured.

In witness whereof, the companies hereinafter named have caused this policy to be issued and signed by a duly authorized officer, attorney or agent at Long Beach, CA. 10th day of November 2000.

BY: *David P. Esqueda*
ROANOKE TRADE SERVICES, INC.

TOT 02497

EXHIBIT U
Page 1 of 17

BLANCH CRAWLEY WARREN
AMERI HOUSE, AMERICA SQUARE, LONDON EC3N 2

31st July, 2000

Roanoke Trade Services, Inc.,
15734 N.E. 1st Street,
Bellevue,
Washington 98008
U.S.A.

## COVER NOTE

In accordance with your instructions the following insurance has been effected on your behalf.

| | |
|---|---|
| Cover Note Number: | MH001319. |
| Form: | MAR 91. |
| Assured: | Inlet Fisheries, Inc., Inlet Fish Producers, Inc. and Arctic Salmon, Inc. |
| Additional Assured: | "Sea-Land Services Inc.", as respects "MAREN I" and "QUANIRTUUQ PRINCESS". <br> "Harvester Fisheries Inc." as respects "FORT YUKON". <br> "Jack Miceli" as respects "QUANIRTUUQ PRINCESS". |
| Loss Payee: | AFCO. |
| Vessels: | As per schedule attached. |
| Period: | Twelve months at noon, 30th April, 2000. Local Standard Time. |
| Interest: | Hull and Machinery and everything connected therewith valued: As per Schedule. Plus 1% collecting commission. |



BLANCH CRAWLEY WARREN LTD   T 020 7480 9000
REGISTERED OFFICE:           F 020 7480 9100
32-38 LEMAN STREET           E
LONDON E1 8EW
REGISTERED IN ENGLAND No. 1300096

TOT 02498

EXHIBIT U
Page 2 of 17

Page 2

Attaching to and forming part of Cover Note No:   MH001319.

| | |
|---|---|
| Sum Insured: | 100% of value and limits. |
| Situated: | Whilst laid-up afloat, not under repair, but; |

(A) "MAREN I"      Laid up at the Bethel Sea Wall during the summer season and at Bethel/Kuskokwim River Slough for the remainder of the policy period. Including tows between locations.

(B) "Q.PRINCESS"   Laid up at the Bethel Sea Wall during the summer season and at Bethel/Kuskokwim River Slough for the remainder of the policy period. Including tows between locations.

(C) "SCHENKS ARC"  Laid up at the Bethel Sea Wall during the summer season and at Bethel/Kuskokwim River Slough for the remainder of the policy period. Including tows between locations.

(D) "YUKON II"     Laid up at Naknek, thence Egegik Bay. Including tows between locations.

(E) "FORT YUKON"   Laid up at Naknek.

(F) "JULIE B"      Laid up in Naknek River, Naknek.

Conditions:

Institute Time Clauses Hull-Port Risks 20.7.87 CL312 with the words "This Insurance is subject to English Law and Practice" deleted.
Subject to hull deductibles as schedule, applicable each and every accident or occurrence excepting total loss which payable in full.
Including Strikes Clauses (including Vandalism) – Hulls – Time (893CW00111).
Protection and Indemnity, subject to Lazards SP.23 (Revised 1/56) Form to limit of USD500,000 each vessel any one accident any one occurrence, except vessel (D) "YUKON II" which excluding Protection and Indemnity absolutely.
Excluding crew liabilities.
Excluding pollution.
Warranted cranes not exceeding safe working load.
Vessel (F) "JULIE B" coverage restricted to Protection and Indemnity only.
Vessel (D) "YUKON II" excluding any claims arising out of the sale and consumption of food/beverages.
Institute Service of Suit Clause (CL 355).
Subject to Cancelment Notice Clause (893CW00105).
Institute Radioactive Contamination Exclusion Clause (CL 356).

Premium:

Premium in full for period as per schedule attached.
Including 1% of Gross Premium for Collecting Commission.
Subject 2 months minimum premium.
Full annual premium if lost - peril insured against.

Security:

This Insurance is placed with various Underwriting Members of Lloyd's, London. Each member being liable only for their own share of this Insurance and not one for another. The total percentage undertaken by Lloyd's Underwriters subscribing to this Insurance is 100 per cent.

TOT 02499

EXHIBIT U
Page 3 of 17

Page

Attaching to and forming part of Cover Note No:   MH001319.

Information:        Vessel  A)B)   Used as work platform/dock and/or housing.
(N.L.O.W.)                      C)   Used as dockside work platform.
                                D)   Used as dock/support station, providing meals.
                                E)   Used as work platform/dock and/or housing, plus equipment storage
                                     (insured elsewhere).
                                F)   Non-working.

The cook's son (not crew/employee) will be on board during season and considered as third party hereon.

*Every proposer when seeking new insurance or renewing an existing policy must disclose any information which might influence the underwriters in deciding whether or not to accept the risk, what the terms should be, or what premiums to charge. Insurance contracts being subject to a duty of the utmost good faith, failure to do so may render the insurance voidable from inception and enable the underwriters to repudiate liability.*

*This cover note is our advice to you that a contract of insurance (or reinsurance) has been effected with the underwriters shown, using the information which you have provided or agreed. The insurance (or reinsurance) contract is subject to all terms and conditions of the policy to be issued and in the event of any inconsistency between the policy and this cover note, the policy shall prevail.*

*Please examine this cover note carefully to confirm that cover has been arranged in accordance with your requirements and that the security shown is acceptable. If not, please advise us immediately. This risk may have been placed under a Blanch Crawley Warren facility.*

BLANCH CRAWLEY WARREN

PER:

TOT 02500

EXHIBIT  V
Page  4  of  17

| | Vessel | Hull and Machinery Value | Hull and Machinery Deductible | Premium |
|---|---|---|---|---|
| (A) | "MAREN I" | USD 130,000 | USD 12,500 | USD 4,129 |
| (B) | "QUANIRTUUQ PRINCESS" | USD 150,000 | USD 12,500 | USD 4,764 |
| (C) | "SCHENKS ARC" | USD 50,000 | USD 10,000 | USD 3,251 |
| (D) | "YUKON II" | USD 150,000 | USD 12,500 | USD 4,014 |
| (E) | "FORT YUKON" | USD 250,000 | USD 25,000 | USD 4,900 |
| (F) | "JULIE B" | (P & I only) | | USD 750 |
| | | | | USD 21,808 |

MSLP3251

TOT 02501

EXHIBIT U
Page 5 of 17

Lloyds Second Line in respect of Master Cover: 99MH013

Attaching to and forming part of Cover Note No: MH00319

| Signed Line % | Syndicate Number | Pseudonym |
|---|---|---|
| 5.39 | 488 | JCH |
| 14.54 | 2488 | JCH |
| 10.87 | 102 | KER |
| 7.25 | 1265 | MMO |
| 9.57 | 588 | NJM |
| 4.93 | 1209 | MEB |
| 7.25 | 2020 | WEL |
| 5.43 | 382 | PWH |
| 5.43 | 1093 | MVH |
| 4.35 | 741 | FCD |
| 1.09 | 2741 | GCU |
| 2.07 | 861 | MDR |
| 1.56 | 1209 | MEB |
| 3.62 | 187 | CRH |
| 5.43 | 902 | PBC |
| 3.62 | 609 | MED |
| 5.43 | 112 | DER |
| 2.17 | 362 | WEH |

100%

TOT 02502

EXHIBIT V
Page 6 of 17

INSTITUTE TIME CLAUSES HULLS
PORT RISKS including LIMITED NAVIGATION

This insurance is subject to English law and practice

1. NAVIGATION

    1.1   The vessel has leave to proceed to and from any wet or dry docks harbours ways cradles and pontoons, within the limits specified in this insurance.

    1.2   The vessel is held covered in case of deviation or change of voyage, provided notice be given immediately after receipt of advices and any amended terms of cover and any additional premium required be agreed.

2. CONTINUATION

Should the vessel at the expiration of this insurance be at sea or in distress or at a port of refuge or of call, she shall, provided previous notice be given to the Underwriters, be held covered at a pro rata monthly premium to her port of destination.

3. TERMINATION

**This Clause 3 shall prevail notwithstanding any provision whether written typed or printed in this insurance inconsistent therewith.**

Unless the Underwriters agree to the contrary in writing, this insurance shall terminate automatically at the time of

    3.1   change of the Classification Society of the vessel, or change, suspension, discontinuance, withdrawal or expiry of her Class therein, provided that if the vessel is at sea such automatic termination shall be deferred until arrival at her next port. However where such change, suspension, discontinuance or withdrawal of her Class has resulted from loss or damage covered by Clause 5 of this insurance or which would be covered by an insurance of the vessel subject to current Institute War and Strikes Clauses Hulls-Time such automatic termination shall only operate should the vessel sail from her next port without the prior approval of the Classification Society,

    3.2   any change, voluntary or otherwise, in the ownership or flag, transfer to new management, or charter on a bareboat basis, or requisition for title or use of the vessel. However, in the event of requisition for title or use without the prior execution of a written agreement by the Assured, such automatic termination shall occur fifteen days after such requisition whether the vessel is in port or at sea.

4. ASSIGNMENT

No assignment of or interest in this insurance or in any moneys which may be or become payable thereunder is to be binding on or recognised by the Underwriters unless a dated notice of such assignment or interest signed by the Assured, and by the assignor in the case of subsequent assignment, is endorsed on the policy and the policy with such endorsement is produced before payment of any claim or return of premium thereunder.

5. PERILS

    5.1   This insurance covers loss of or damage to the subject-matter insured caused by

TOT 02503

EXHIBIT U
Page 7 of 17

5.1.1 perils of the seas rivers lakes or other navigable waters

5.1.2 lightning explosion

5.1.3 violent theft by persons from outside the vessel

5.1.4 jettison

5.1.5 piracy

5.1.6 breakdown of or accident to nuclear installations or reactors

5.1.7 contact with aircraft or similar objects, or objects falling therefrom, land conveyance, dock or harbour equipment or installation.

5.2 This insurance covers loss of or damage to the subject-matter insured caused by

5.2.1 accidents in loading discharging or shifting cargo or fuel

5.2.2 bursting of boilers breakage of shafts or any latent defect in the machinery or hull

5.2.3 negligence of Master Officers Crew or Pilots

5.2.4 negligence of repairers or charterers provided such repairers or charterers are not an Assured hereunder

5.2.5 barratry of Master Officers or Crew,

provided such loss or damage has not resulted from want of due diligence by the Assured, Owners or Managers.

5.3 Master Officers Crew or Pilots not to be considered Owners within the meaning of this Clause 5 should they hold shares in the vessel.

6. EARTHQUAKE AND VOLCANIC ERUPTION EXCLUSION

In no case shall this insurance cover loss damage liability or expense caused by earthquake or volcanic eruption. This exclusion applies to all claims including claims under Clauses 8, 10, 12 and 14.

7. POLLUTION HAZARD

This insurance covers loss of or damage to the vessel caused by any governmental authority acting under the powers vested in it to prevent or mitigate a pollution hazard, or threat thereof, resulting directly from damage to the vessel for which the Underwriters are liable under this insurance, provided such act of governmental authority has not resulted from want of due diligence by the Assured, the Owners, or Managers of the vessel or any of them to prevent or mitigate such hazard or threat. Master, Officers, Crew or Pilots not to be considered Owners within the meaning of this Clause 7 should they hold shares in the vessel.

8. COLLISION LIABILITY

8.1 The Underwriters agree to indemnify the Assured for any sum or sums paid by the Assured to any other person or persons by reason of the Assured becoming legally liable by way of damages for

8.1.1 loss of or damage to any other vessel or property on any other vessel

8.1.2 delay to or loss of use of any such other vessel or property thereon

TOT 02504

EXHIBIT V
Page 8 of 17

8.1  general average of, salvage of, or salvage  ~~~er contract of, any such other vessel or property thereon,

where such payment by the Assured is in consequence of the vessel hereby insured coming into collision with any other vessel.

8.2  The indemnity provided by this Clause 8 shall be in addition to the indemnity provided by the other terms and conditions of this insurance and shall be subject to the following provisions:

8.2.1  Where the insured vessel is in collision with another vessel and both vessels are to blame then, unless the liability of one or both vessels becomes limited by law, the indemnity under this Clause 8 shall be calculated on the principle of cross-liabilities as if the respective Owners had been compelled to pay to each other such proportion of each other's damages as may have been properly allowed in ascertaining the balance or sum payable by or to the Assured in consequence of the collision.

8.2.2  In no case shall the Underwriters' total liability under Clauses 8.1 and 8.2 exceed their proportionate part of the insured value of the vessel hereby insured in respect of any one such collision.

8.3  The Underwriters will also pay the legal costs incurred by the Assured or which the Assured may be compelled to pay in contesting liability or taking proceedings to limit liability, with the prior written consent of the Underwriters.

EXCLUSIONS

8.4  Provided always that this Clause 8 shall in no case extend to any sum which the Assured shall pay for or in respect of

8.4.1  removal or disposal of obstructions, wrecks, cargoes or any other thing whatsoever

8.4.2  any real or personal property or thing whatsoever except other vessels or property on other vessels

8.4.3  the cargo or other property on, or the engagements of, the insured vessel

8.4.4  loss of life, personal injury or illness

8.4.5  pollution or contamination of any real or personal property or thing whatsoever (except other vessels with which the insured vessel is in collision or property on such other vessels).

9. SISTERSHIP

Should the vessel hereby insured come into collision with or receive salvage services from another vessel belonging wholly or in part to the same Owners or under the same management, the Assured shall have the same rights under this insurance as they would have were the other vessel entirely the property of Owners not interested in the vessel hereby insured; but in such cases the liability for the collision or the amount payable for the services rendered shall be referred to a sole arbitrator to be agreed upon between the Underwriters and the Assured.

10. PROTECTION AND INDEMNITY

10.1  The Underwriters agree to indemnify the Assured for any sum or sums paid by the Assured to any other person or persons by reason of the Assured becoming legally liable, as owner of the vessel, for any claim, demand, damages and/or expenses, where such liability is in consequence of any of the following matters or things and arises from an accident or occurrence during the period of this insurance:

TOT 02505

EXHIBIT U
Page 9 of 17

10.1.1 loss of or damage to any fixed or movable object or property or other thing or interest whatsoever, other than the vessel, arising from any cause whatsoever in so far as such loss or damage is not covered by Clause 8

10.1.2 any attempted or actual raising, removal or destruction of any fixed or movable object or property or other thing, including the wreck of the vessel, or any neglect or failure to raise, remove, or destroy the same

10.1.3 liability assumed by the Assured under contracts of customary towage for the purpose of entering or leaving port or manoeuvring within the port during the ordinary course of trading

10.1.4 loss of life, personal injury, illness or payments made for life salvage

10.1.5 liability under Clause l(a) of the current Lloyd's Standard Form of Salvage Agreement in respect of unsuccessful, partially successful, or uncompleted services if and to the extent that the salvor's expenses plus the increment exceed any amount otherwise recoverable under the Agreement.

10.2 The Underwriters agree to indemnify the Assured for any of the following arising from an accident or occurrence during the period of this insurance:

10.2.1 the additional cost of fuel, insurance, wages, stores, provisions and port charges reasonably incurred solely for the purpose of landing from the vessel sick or injured persons or stowaways, refugees, or persons saved at sea

10.2.2 additional expenses brought about by the outbreak of infectious disease on board the vessel or ashore

10.2.3 fines imposed on the vessel, on the Assured, or on any Master Officer crew member or agent of the vessel who is reimbursed by the Assured, for any act or neglect or breach of any statute or regulation relating to the operation of the vessel, provided that the Underwriters shall not be liable to indemnify the Assured for any fines which result from any act neglect failure or default of the Assured their agents or servants other than Master Officer or crew member

10.2.4 the expenses of the removal of the wreck of the vessel from any place owned, leased or occupied by the Assured

10.2.5 legal costs incurred by the Assured, or which the Assured may be compelled to pay, in avoiding, minimising or contesting liability with the prior written consent of the Underwriters.

EXCLUSIONS

10.3 Notwithstanding the provisions of Clauses 10.1 and 10.2 this Clause 10 does not cover any liability cost or expense arising in respect of:

10.3.1 any direct or indirect payment by the Assured under workmen's compensation or employers' liability acts and any other statutory or common law, general maritime law or other liability whatsoever in respect of accidents to or illness of workmen or any other persons employed in any capacity whatsoever by the Assured or others in on or about or in connection with the vessel or her cargo, materials or repairs

10.3.2 liability assumed by the Assured under agreement expressed or implied in respect of death or illness of or injury to any person employed under a contract of service or apprenticeship by the other party to such agreement

10.3.3 punitive or exemplary damages, however described

10.3.4 cargo or other property carried, to be carried or which has been carried on board the vessel but this Clause 10.3.4 shall not exclude any claim in respect of the extra cost of removing cargo from the wreck of the vessel

10.3.5 property, owned by builders or repairers or for which they are responsible, which is on board the vessel

10.3.6 liability arising under a contract or indemnity in respect of containers, equipment, fuel or other property on board the vessel and which is owned or leased by the Assured

10.3.7 cash, negotiable instruments, precious metals or stones, valuables or objects of a rare or precious nature, belonging to persons on board the vessel, or non-essential personal effects of any Master, Officer or crew member

10.3.8 fuel, insurance, wages, stores, provisions and port charges arising from delay to the vessel while awaiting a substitute for any Master, Officer or crew member

10.3.9 fines or penalties arising from overloading or illegal fishing

10.3.10 pollution or contamination of any real or personal property or thing whatsoever (This Clause 10.3.10 shall not exclude any amount recoverable under Clause 10.1.5)

10.3.11 general average, sue and labour and salvage charges, salvage, and/or collision liability to any extent that they are not recoverable under Clauses 8, 12 and 14 by reason of the agreed value and/or the amount insured in respect of the vessel being inadequate.

10.4 The indemnity provided by this Clause 10 shall be in addition to the indemnity provided by the other terms and conditions of this insurance.

10.5 Where the Assured or the Underwriters may or could have limited their liability the indemnity under this Clause 10 in respect of such liability shall not exceed Underwriters' proportionate part of the amount of such limitation.

10.6 In no case shall the Underwriters' liability under this Clause 10 in respect of each separate accident or occurrence or series of accidents arising out of the same event, exceed their proportionate part of the insured value of the vessel.

10.7 PROVIDED ALWAYS THAT

10.7.1 prompt notice must be given to the Underwriters of every casualty event or claim upon the Assured which may give rise to a claim under this Clause 10 and of every event or matter which may cause the Assured to incur liability costs or expense for which he may be insured under this Clause 10.

10.7.2 the Assured shall not admit liability for or settle any claim for which he may be insured under this Clause 10 without the prior written consent of the Underwriters.

11. NOTICE OF CLAIM AND TENDERS

11.1 In the event of accident whereby loss or damage may result in a claim under this insurance, notice shall be given to the Underwriters prior to survey and also, if the vessel is abroad, to the nearest Lloyd's Agent so that a surveyor may be appointed to represent the Underwriters should they so desire.

11.2 The Underwriters shall be entitled to decide the port to which the vessel shall proceed for docking or repair (the actual additional expense of the voyage arising from compliance with the

Underw s' requirements being refunded to the Assu and shall have a right of veto concerning a place of repair or a repairing firm.

11.3  The Underwriters may also take tenders or may require further tenders to be taken for the repair of the vessel. Where such a tender has been taken and a tender is accepted with the approval of the Underwriters, an allowance shall be made at the rate of 30% per annum on the insured value for time lost between the despatch of the invitations to tender required by Underwriters and the acceptance of a tender to the extent that such time is lost solely as the result of tenders having been taken and provided that the tender is accepted without delay after receipt of the Underwriters' approval.

Due credit shall be given against the allowance as above for any amounts recovered in respect of fuel and stores and wages and maintenance of the Master Officers and Crew or any member thereof, including amounts allowed in general average, and for any amounts recovered from third parties in respect of damages for detention and/or loss of profit and/or running expenses, for the period covered by the tender allowance or any part thereof.

Where a part of the cost of the repair of damage other than a fixed deductible is not recoverable from the Underwriters the allowance shall be reduced by a similar proportion.

11.4  In the event of failure to comply with the conditions of this Clause 11, a deduction of 15% shall be made from the amount of the ascertained claim.

## 12. GENERAL AVERAGE AND SALVAGE

12.1  This insurance covers the vessel's proportion of salvage, salvage charges and/or general average, reduced in respect of any under-insurance, but in case of general average sacrifice of the vessel the Assured may recover in respect of the whole loss without first enforcing their right of contribution from other parties.

12.2  Adjustment to be according to the law and practice obtaining at the place where the adventure ends, as if the contract of affreightment contained no special terms upon the subject; but where the contract of affreightment so provides the adjustment shall be according to the York-Antwerp Rules.

12.3  When the vessel sails in ballast, not under charter, the provisions of the York-Antwerp Rules, 1974 (excluding Rules XX and XXI) shall be applicable, and the voyage for this purpose shall be deemed to continue from the port or place of departure until the arrival of the vessel at the first port or place thereafter other than a port or place of refuge or a port or place of call for bunkering only. If at any such intermediate port or place there is an abandonment of the adventure originally contemplated the voyage shall thereupon be deemed to be terminated.

12.4  No claim under this Clause 12 shall in any case be allowed where the loss was not incurred to avoid or in connection with the avoidance of a peril insured against.

## 13. DEDUCTIBLE

13.1  No claim arising from a peril insured against shall be payable under this insurance unless the aggregate of all such claims arising out of each separate accident or occurrence (including claims under Clauses 8, 10, 12 and 14) exceeds {Response} in which case this sum shall be deducted. Nevertheless the expense of sighting the bottom after stranding, if reasonably incurred specially for that purpose, shall be paid even if no damage be found. This Clause 13.1 shall not apply to a claim for total or constructive total loss of the vessel or, in the event of such a claim, to any associated claim under Clause 14 arising from the same accident or occurrence.

13.2  Excluding any interest comprised therein, recoveries against any claim which is subject to the above deductible shall be credited to the Underwriters in full to the extent of the sum by which the aggregate of the claim unreduced by any recoveries exceeds the above deductible.

TOT 02508

EXHIBIT  U
Page 12 of 17

    13.3    Interest comprised in recoveries shall be apportioned between the Assured and the Underwriters, taking into account the sums paid by the Underwriters and the dates when such payments were made, notwithstanding that by the addition of interest the Underwriters may receive a larger sum than they have paid.

## 14. DUTY OF ASSURED (SUE AND LABOUR)

    14.1    In case of any loss or misfortune it is the duty of the Assured and their servants and agents to take such measures as may be reasonable for the purpose of averting or minimising a loss which would be recoverable under this insurance.

    14.2    Subject to the provisions below and to Clause 13 the Underwriters will contribute to charges properly and reasonably incurred by the Assured their servants or agents for such measures. General average, salvage charges (except as provided for in Clause 14.5) collision defence or attack costs and costs incurred by the Assured in avoiding, minimising or contesting liability covered by Clause 10 are not recoverable under this Clause 14.

    14.3    Measures taken by the Assured or the Underwriters with the object of saving, protecting or recovering the subject-matter insured shall not be considered as a waiver or acceptance of abandonment or otherwise prejudice the rights of either party.

    14.4    When expenses are incurred pursuant to this Clause 14 the liability under this insurance shall not exceed the proportion of such expenses that the amount insured hereunder bears to the value of the vessel as stated herein, or to the sound value of the vessel at the time of the occurrence giving rise to the expenditure if the sound value exceeds that value. Where the Underwriters have admitted a claim for total loss and property insured by this insurance is saved, the foregoing provisions shall not apply unless the expenses of suing and labouring exceed the value of such property saved and then shall apply only to the amount of the expenses which is in excess of such value.

    14.5    When a claim for total loss of the vessel is admitted under this insurance and expenses have been reasonably incurred in saving or attempting to save the vessel and other property and there are no proceeds, or the expenses exceed the proceeds, then this insurance shall bear its pro rata share of such proportion of the expenses, or of the expenses in excess of the proceeds, as the case may be, as may reasonably be regarded as having been incurred in respect of the vessel; but if the vessel be insured for less than its sound value at the time of the occurrence giving rise to the expenditure, the amount recoverable under this clause shall be reduced in proportion to the under-insurance.

    14.6    The sum recoverable under this Clause 14 shall be in addition to the loss otherwise recoverable under this insurance but shall in no circumstances exceed the amount insured under this insurance in respect of the vessel.

## 15. NEW FOR OLD

Claims payable without deduction new for old.

## 16. BOTTOM TREATMENT

In no case shall a claim be allowed in respect of scraping gritblasting and/or other surface preparation or painting of the vessel's bottom except that

    16.1    gritblasting and/or other surface preparation of new bottom plates ashore and supplying and applying any "shop" primer thereto,

    16.2    gritblasting and/or other surface preparation of:

    the butts or area of plating immediately adjacent to any renewed or refitted plating damaged

during the course of welding and/or repairs,

areas of plating damaged during the course of fairing, either in place or ashore,

16.3  supplying and applying the first coat of primer/anti-corrosive to those particular areas mentioned in 16.1 and 16.2 above,

shall be allowed as part of the reasonable cost of repairs in respect of bottom plating damaged by an insured peril.

## 17. WAGES AND MAINTENANCE

No claim shall be allowed, other than in general average, for wages and maintenance of the Master, Officers and Crew, or any member thereof, except when incurred solely for the necessary removal of the vessel, with the agreement of the Underwriters, from one port to another for the repair of damage covered by the Underwriters, or for trial trips for such repairs, and then only for such wages and maintenance as are incurred whilst the vessel is under way.

## 18. AGENCY COMMISSION

In no case shall any sum be allowed under this insurance either by way of remuneration of the Assured for time and trouble taken to obtain and supply information or documents or in respect of the commission or charges of any manager, agent, managing or agency company or the like, appointed by or on behalf of the Assured to perform such services.

## 19. UNREPAIRED DAMAGE

19.1  The measure of indemnity in respect of claims for unrepaired damage shall be the reasonable depreciation in the market value of the vessel at the time this insurance terminates arising from such unrepaired damage, but not exceeding the reasonable cost of repairs.

19.2  In no case shall the Underwriters be liable for unrepaired damage in the event of a subsequent total loss (whether or not covered under this insurance) sustained during the period covered by this insurance or any extension thereof.

19.3  The Underwriters shall not be liable in respect of unrepaired damage for more than the insured value at the time this insurance terminates.

## 20. CONSTRUCTIVE TOTAL LOSS

20.1  In ascertaining whether the vessel is a constructive total loss, the insured value shall be taken as the repaired value and nothing in respect of the damaged or break-up value of the vessel or wreck shall be taken into account.

20.2  No claim for constructive total loss based upon the cost of recovery and/or repair of the vessel shall be recoverable hereunder unless such cost would exceed the insured value. In making this determination only the cost relating to a single accident or sequence of damages arising from the same accident shall be taken into account.

## 21. FREIGHT WAIVER

In the event of total or constructive total loss no claim to be made by the Underwriters for freight whether notice of abandonment has been given or not.

## 22. DISBURSEMENTS WARRANTY

22.1  Additional insurances as follows are permitted

TOT 02510

22.1.1 *Disbursements, Managers' Commissions, Profits or Excess or Increased Value of Hull and Machinery.* A sum not exceeding 25% of the value stated herein.

22.1.2 *Freight, Chartered Freight or Anticipated Freight, insured for time.* A sum not exceeding 25% of the value as stated herein less any sum insured, however described, under 22.1.1.

22.1.3 *Freight or Hire, under contracts for voyage.* A sum not exceeding the gross freight or hire for the current cargo passage and next succeeding cargo passage (such insurance to include, if required, a preliminary and an intermediate ballast passage) plus the charges of insurance. In the case of a voyage charter where payment is made on a time basis, the sum permitted for insurance shall be calculated on the estimated duration of the voyage, subject to the limitation of two cargo passages as laid down herein. Any sum insured under 22.1.2 to be taken into account and only the excess thereof may be insured, which excess shall be reduced as the freight or hire is advanced or earned by the gross amount so advanced or earned.

22.1.4 *Anticipated Freight if the vessel sails in ballast and not under Charter.* A sum not exceeding the anticipated gross freight on next cargo passage, such sum to be reasonably estimated on the basis of the current rate of freight at time of insurance plus the charges of insurance. Any sum insured under 22.1.2 to be taken into account and only the excess thereof may be insured.

22.1.5 *Time Charter Hire or Charter Hire for Series of Voyages.* A sum not exceeding 50% of the gross hire which is to be earned under the charter in a period not exceeding 18 months. Any sum insured under 22.1.2 to be taken into account and only the excess thereof may be insured, which excess shall be reduced as the hire is advanced or earned under the charter by 50% of the gross amount so advanced or earned but the sum insured need not be reduced while the total of the sums insured under 22.1.2 and 22.1.5 does not exceed 50% of the gross hire still to be earned under the charter. An insurance under this Section may begin on the signing of the charter.

22.1.6 *Premiums.* A sum not exceeding the actual premiums of all interests insured for a period not exceeding 12 months (excluding premiums insured under the foregoing sections but including, if required, the premium or estimated calls on any Club or War etc. Risk insurance) reducing pro rata monthly.

22.1.7 *Returns of Premium.* A sum not exceeding the actual returns which are allowable under any insurance but which would not be recoverable thereunder in the event of a total loss of the vessel whether by insured perils or otherwise.

22.1.8 *Insurance irrespective of amount against:*

Any risks excluded by Clauses 6, 24, 25, 26 and 27.

22.2 Warranted that no insurance on any interests enumerated in the foregoing 22.1.1 to 22.1.7 in excess of the amounts permitted therein and no other insurance which includes total loss of the vessel P.P.I., F.I.A., or subject to any other like term, is or shall be effected to operate during the currency of this insurance by or for account of the Assured, Owners, Managers or Mortgagees. Provided always that a breach of this warranty shall not afford the Underwriters any defence to a claim by a Mortgagee who has accepted this insurance without knowledge of such breach.

## 23. RETURNS FOR CANCELLATION

To return pro rata monthly net for each uncommenced month if this insurance be cancelled either by agreement or by the operation of Clause 3 provided that a total loss of the vessel, whether by insured perils or otherwise, has not occurred during the period of this insurance or any extension thereof.

TOT 02511

The following clauses shall be paramount and shall override anything contained in this insurance inconsistent therev

### 24. WAR EXCLUSION

In no case shall this insurance cover loss damage liability or expense caused by

24.1 war civil war revolution rebellion insurrection, or civil strife arising therefrom, or any hostile act by or against a belligerent power

24.2 capture seizure arrest restraint or detainment (barratry and piracy excepted), and the consequences thereof or any attempt thereat

24.3 derelict mines torpedoes bombs or other derelict weapons of war.

### 25. STRIKES EXCLUSION

In no case shall this insurance cover loss damage liability or expense caused by

25.1 strikers, locked-out workmen, or persons taking part in labour disturbances, riots or civil commotions

25.2 any terrorist or any person acting from a political motive.

### 26. MALICIOUS ACTS EXCLUSION

In no case shall this insurance cover loss damage liability or expense arising from

26.1 the detonation of an explosive

26.2 any weapon of war

and caused by any person acting maliciously or from a political motive.

### 27. NUCLEAR EXCLUSION

In no case shall this insurance cover loss damage liability or expense arising from any weapon of war employing atomic or nuclear fission and/or fusion or other like reaction or radioactive force or matter.

20/7/87
CL312  © Copyright The Institute of London Underwriters

TOT 02512

## INSTITUTE PROTECTION & INDEMNITY CLAUSE AMENDMENT

Where any of the following sub-clauses are incorporated in this insurance they shall be deemed to be deleted

   Clause 9.1.5 of the Institute Time Clauses - Hulls - Port Risks 20/7/87

   Clause 10.1.5 of the Institute Time Clauses - Hulls - Port Risks including Limited Navigation 20/7/87

   Clause 1.1.5 of the Protection & Indemnity Clauses - Hulls - Time 20/7/87

   Clause 1.1.5 of the Protection & Indemnity Clauses - Hulls - Time 20/7/87 as incorporated into the Institute Protection & Indemnity War and Strikes Clauses - Hulls - Time 20/7/87

and the following substituted:-

   liability under clause 1(a) of Lloyd's Standard Form of Salvage Agreement 1980 in respect of unsuccessful, partially successful, or uncompleted services if and to the extent that the salvor's expenses plus the increment exceed any amount otherwise recoverable under the Agreement, also liability for special compensation payable under Article 14 of the International Convention on Salvage 1989 or under that Article as incorporated in Lloyd's Standard Form of Salvage Agreement 1990.

1/6/91
CL357  © Copyright The Institute of London Underwriters

TOT 02513

EXHIBIT U
Page 17 of 17