# RESPONSIBILITIES OF INSURANCE AGENTS AND BROKERS

VOLUME 1

by
**Bertram Harnett**

*Co-Authors*
**W. Benjamin Fisherow, Esq.**
**Andrea L. Harnett, Esq.**
**James D. Harnett, Esq.**
**Jeffrey S. Kahn, Esq.**

*Filed Through:*
RELEASE NO. 54, JULY 2005


LexisNexis™
Matthew Bender®

EXHIBIT P
Page 1 of 5

**QUESTIONS ABOUT THIS PUBLICATION?**

For questions about the **Editorial Content** appearing in these volumes or reprint permission, please call:

Molly Miller, J.D. at ................................................................ (800) 252-065 (ext. 8837)
Internet Address: ............................................................ molly.miller@lexisnexis.com
Kristin M. Colquhoun, Esq. at ........................................ (800) 252-9257 (ext. 2218)
Internet Address: ................................................... kristin.m.colquhoun@lexisnexis.com

Outside the United States and Canada please call ................................... (415) 908-3200

For assistance with replacement pages, shipments, billing or other customer service matters, please call:

Customer Services Department at ........................................................... (800) 833-9844
Outside the United States and Canada, please call    ........................... (518) 487-3000
Fax number ..................................................................................... (518) 487-3584
Customer Service Website ........................................ http://www.lexisnexis.com/custserv/

For information on other Matthew Bender publications, please call:
Your account manager ........................................................................ (800) 223-1940
Outside the United States and Canada, please call ................................. (518) 487-3000

This publication is designed to provide accurate and authoritative information in regard to the subject matter covered. It is sold with the understanding that the publisher is not engaged in rendering legal, accounting, or other professional services. If legal advice or other expert assistance is required, the services of a competent professional should be sought.

LexisNexis, the knowledge burst logo, and Michie are trademarks of Reed Elsevier Properties Inc, used under license. Matthew Bender is a registered trademark of Matthew Bender Properties Inc.

Copyright © 2005 Matthew Bender & Company, Inc., a member of the LexisNexis Group.
Originally published in 1974.

All Rights Reserved.
No copyright is claimed in the text of statutes, regulations, and excerpts from court opinions quoted within this work. Permission to copy material exceeding fair use, 17 U.S.C. §107, may be licensed for a fee of $1 per page per copy from the Copyright Clearance Center, 222 Rosewood Drive, Danvers, MA. 01923, telephone (978) 750-8400.

Library of Congress Catalog Number 73-094100

ISBN 0-8205-1362-8

Editorial Offices
744 Broad Street, Newark, NJ 07102 (973) 820-2000
201 Mission St., San Francisco, CA 94105-1831 (415) 908-3200
www.lexis.com

MATTHEW⬥BENDER

(Rel.54-7/2005 Pub.362)



EXHIBIT P
Page 2 of 5

insured's] needs and expectations should be imputed to [the insurer] because of the agent's dual role. He concludes that [the insurer] is therefore estopped from taking advantage of any exclusion as to a risk which it failed to provide for in the policy.[6]

Areas of potential vulnerability are quite varied, although there are certain trouble areas that have been defined by court cases. These include failure of the agent or broker to provide coverage after agreeing to do so; failure to notify the insured of policy cancellation or the lack of coverage; the duty to place insurance at the best terms for the insured; the duty to place insurance with both an authorized and solvent insurer and the duty to renew or service policies of insurance.[7]

Brokers may face legal actions from insureds where the brokers involve themselves in the process of settling a claim. Their outcome will depend on the extent of the broker's involvement and whether the insured has been injured by the alleged misconduct of the broker.[7.1]

### [1]—Need for Misconduct

An insurance agent or broker may not be blamed for a lack of coverage when he acts prudently and in good faith even though the insured suffers for lack of insurance.[8] Put another way, a federal district court said:

---

[6] Olszak v. Peerless Ins. Co., 406 A.2d 711 (N.H. 1979), at 714. The court found the insurer obligated to defend the insured under the policy.

[7] In a Texas case, a cause of action against an agent alleging that the insured unnecessarily paid premiums for five years for policies that were worthless because they duplicated other coverage, including Medicaid, was held not to be a fraudulent joinder for the purposes of federal jurisdiction on diversity grounds. Head v. United Ins. Co. of America, 966 F. Supp. 455 (N.D. Miss. 1997).

[7.1] In Schwartz v. Travelers Indemnity Co., 50 Mass. App. Ct 672, 79 N.E.2d 1039 (2001), a broker escaped liability for initially assisting the insured with claim adjustment.

[8] *See:*

Hosselton v. Fidelity & Deposit Co., 236 Ill. App. 946, 603 N.E.2d 96 (1992), *appeal denied*, 148 Ill. 2d 642, 610 N.E.2d 1263 (1993). An agent was not liable for failing to ascertain the value of an estate before issuing a security bond required by the Illinois Probate Code because the amount of the bond is to be determined by the probate court.

Viale v. Royal Insurance Co., 643 N.Y.S.2d 860 (App. Div. 1996). Insurance policy was validly issued to a co-insured, so the insured could not recover for breach of contract or tort as no duty was breached.

Antimary v. W.C.A.B. (U.S. #1 Auto Sales), 655 A.2d 659 (Pa. Cmwlth. 1995), at 662. Pennsylvania referee had no jurisdiction to join an insurance agency as a party in a workers' compensation case. As distinct from insurers, agents "are in the business of helping individuals or businesses acquire insurance . . . . Once a policy of insurance is procured, an insurance agent or broker ceases to have authority for the insured."

Ingalsbe v. Chicago Ins. Co., 287 A.D.2d 939, 731 N.Y.S.2d 782 (3d Dep't 2001). Insured has no fraud cause of action against an agent based upon statements in the agent's advertisement that were not false or misleading.

EXHIBIT P
Page 3 of 5

Absent some allegation or evidence that an insurance agent did something to contribute to the lack of coverage or denial by an insurer, an agent will not be liable simply because it exists as an agent.[9]

In *Arnone v. Anzalone*,[10] the insured requested that his insurance agent secure coverage on a tractor truck he planned to lease. The insurer issued a policy that excluded leased vehicles. The agent immediately contacted the insurer, but not the insured, seeking corrective action. No action was taken, although the insurer assured the agent that the leased vehicle would be covered. The vehicle was subsequently stolen and the insurer denied coverage. The court exonerated the agent from liability because he had acted prudently and in good faith by immediately seeking corrective action and by reasonably relying upon the assurances of the insurer that the vehicle would be covered.

The Supreme Court of Alaska reached a similar result in *Jefferson v. Alaska 100 Insurance, Inc.*[11] by noting that an agent need only use his best efforts to procure insurance. The court stated that absent an agent's express commitment to use more than reasonable efforts, or conduct that misleads the insured to his detriment, all the agent need do is use reasonable efforts.

Similarly, if an agent does not assume a duty to renew coverage, he generally cannot be faulted for failing to act. In a Mississippi case,[12] a bank had previously obtained credit life insurance for a borrower. According to the court, although the bank had become the borrower's agent and had a duty of good faith and reasonable care, the bank did not assume a duty to renew or reissue the borrower's policy. There was no evidence that the borrower wanted the renewed insurance or that he relied on the bank to his detriment.[12.1]

As another example, under Michigan law, a title insurer and agent cannot be held liable in tort for an allegedly negligent title search to an "insured" or to a third party. They have no duty apart from their contractual obligation.[13]

(Text continued on page 3-7)

---

Carcone v. D'Angelo Ins. Agency, 302 A.D.2d 962, 755 N.Y.S.2d 173 (4 Dept. 2003), where New York permits a cause of action against an insurer, but not against a broker or agent.

[9] Toops v. U.S. Fidelity & Guar. Co., 871 F. Supp. 284 (S.D. Texas 1994), at 288.

[10] 481 So. 2d 1047 (La. Ct. App. 1985).

[11] 717 P.2d 360 (Alaska 1986).

[12] First United Bank v. Reid, 612 So. 2d 1131 (Miss. 1992).

[12.1] *Also* from Mississippi, reaching a similar result, is Clark v. State Farm Mut. Auto. Ins. Co., 725 So. 2d 779 (Miss. 1998). An insured sued his insurer to recover for damages incurred in an automobile accident in Spain. Coverage was denied because of an unambiguous territorial limitation. The insured unsuccessfully urged that the coverage was nonetheless ambiguous based upon promotional material he received from his agent after the accident. The court ruled that the insured could not have relied upon materials he received only after the accident. Moreover, the insured never claimed that he specifically sought overseas coverage or that the insurer or the agent represented to him that he was purchasing it. Hence, there was no reliance or misrepresentation and, hence, no agent liability.

[13] Mickam v. Joseph Louis Palace Trust, 849 F. Supp. 516 (E.D. Mich. 1993).

Moreover, an agent may not be held liable if there is no showing that the requested coverage was available at the time[14] or that the loss would not have been covered under the policy.[15] Plainly, if the desired coverage cannot be obtained in the marketplace, the agent has no duty to procure it.[15.1]

Equally plainly, an agent cannot be responsible for negligently failing to procure coverage where a client asks him to drop certain insurance and where the agent, in fact, complies with the request. In *Hobbs v. Midwest Ins., Inc.*[16] the client, relying upon his agent's accurate statement that he had double coverage, cancelled his liability coverage. The insured later was liable after an accident because the existing insurer had become insolvent. This insolvency was not reasonably foreseeable. Therefore, since the agent made no misrepresentation and complied with the insured's request, he could not be liable for failure to procure.

In a New Hampshire case, the defendant agent sued was an attorney who handled real estate closings for a title insurance company and who issued title insurance policies.[16.1] The lawyer/agent retained a title abstractor as an independent contractor, as contemplated by the title insurance company. The title abstractor negligently failed to locate and disclose a prior mortgage on a property for which the agent issued a title insurance policy. The court ruled that the agent, as an employee, was not responsible for the negligence of the independent contractor because the agent had no duty to examine and clear the title himself. It was a duty that was delegable. The agent's only duty was to exercise "due care and diligence" in obtaining the necessary reports and certificates.[16.2] The lawyer/agent was "reasonably unaware" of the risk due to the disputed title, so he was not liable.[16.3]

---

[14] *See, e.g.,* Scalamandre Silks, Inc. v. Fireman's Fund Ins. Co., 194 A.D.2d 421, 598 N.Y.S.2d 791 (1993). Agents were not liable because plaintiff did not rebut their *prima facie* showing that coverage against claims of sexual harassment was not available in New York in 1992.

*Cf.* Farmers Ins. Co. v. Snappy Car Rental, Inc., 128 Or. App. 516, 876 P.2d 833 (1994). In Oregon, a car rental agency which was a "self-insurer" under Oregon law did not have to contribute to the insurer for a personal injury award against the driver because the rental company had no obligation to insure the driver. The driver had declined coverage from the agency because she was already covered by the insurer.

[15] Newpark Resources, Inc. v. Marsh & McLennan, 691 So. 2d 208 (La. Ct. App. 1997).

[15.1] *See, e.g.,* Haggans v. State Farm Fire & Cas. Co., 803 So. 2d 1249 (Miss. App. 2002). In Mississippi, a contents coverage policy could not have been obtained for a vacant property. Thus, the agent did not breach a duty to obtain it. However, *see* § 3.04 *infra* concerning duties of agents to notify an insured of rejection or lack of coverage.

[16] 253 Neb. 278, 570 N.W.2d 525 (1997).

[16.1] Lawyers Title Ins. Corp. v. Groff, 808 A.2d 44 (N.H. 2002).

[16.2] Lawyers Title Ins. Corp. v. Groff, 808 A.2d 48 (N.H. 2002).

[16.3] Lawyers Title Ins. Corp. v. Groff, 808 A.2d 51 (N.H. 2002).

EXHIBIT P
Page 5 of 5