1

```
 1              IN THE UNITED STATES DISTRICT COURT
 2                 FOR THE DISTRICT OF ALASKA
 3    _____
 4    CERTAIN UNDERWRITERS AT      ) IN ADMIRALTY
 5    LLOYDS, LONDON, SUBSCRIBING  )
 6    TO CERTIFICATE OF INSURANCE  )
 7    OP01 0025, through Puget     ) NO. C03-00889A
 8    Sound Underwriters, Inc.,    ) (Washington)
 9              Plaintiffs,        )
10       vs.                       )
11    INLET FISHERIES, INC., an    ) USDC Alaska No.:
12    Alaska Corporation, and      ) A 04-0058 CV (JWS)
13    INLET FISH PRODUCERS, INC.,  )
14       (Continued Next Page)     )
15    _____
16              DEPOSITION UPON ORAL EXAMINATION
17                          OF
18                   AMANDA SCHAEFFER
19    _____
20             9:10 a.m. to 12:01 p.m.
21                  October 29, 2004
22              520 Pike Street, Suite 2120
23                  Seattle, Washington
24    Barbara L. Nelson, CCR
25    Court Reporter
```

CONTINENTAL REPORTING, INC.
SEATTLE, WASHINGTON
(800) 624 - 3377

Exhibit Q
Page 1 of 9

```
 1    an Alaska Corporation,        )
 2              Defendants.         )
 3    _____)
 4    INLET FISH PRODUCERS, INC.,   )
 5    an Alaskan Corporation,       )
 6         Third-Party Plaintiffs,  )
 7            vs.                   )
 8    TOTEM AGENCIES, INC., a       )
 9    Washington Corporation, and   )
10    AMERICAN E&S INSURANCE        )
11    BROKERS CALIFORNIA, INC., a   )
12    Washington Corporation,       )
13         Third-Party Defendants.  )
14    _____)
15
16
17
18
19
20
21
22
23
24
25
```

CONTINENTAL REPORTING, INC.
SEATTLE, WASHINGTON
(800) 624 - 3377

Exhibit Q
Page 2 of 9

```
 1                  A P P E A R A N C E S
 2
 3   FOR THE PLAINTIFFS AND      LARRY E. ALTENBRUN
 4   THIRD-PARTY DEFENDANTS      Attorney at Law
 5   AMERICAN E&S:               Nicoll Black Misenti &
 6                               Feig
 7                               816 Second Avenue, #300
 8                               Seattle, Washington 98104
 9
10   FOR THE DEFENDANTS AND      BRIAN STIBITZ
11   THIRD-PARTY PLAINTIFFS:     Attorney at Law
12   (Via Telephone)             Bankston Gronning O'Hara
13                               Sedor Mills Givens &
14                               Heaphey
15                               601 W. Fifth Avenue, #900
16                               Anchorage, Alaska 99501
17
18   FOR THE THIRD-PARTY         THOMAS A. MATTHEWS
19   DEFENDANTS TOTEM            Attorney at Law
20   AGENCIES:                   Matthews & Zahare
21                               431 W. Seventh Avenue, #207
22                               Anchorage, Alaska 99501
23
24
25
```

```
 1        Q.   Give me, if you could, a sort of a
 2   chronological list of your employment.
 3        A.   Starting from this job?
 4        Q.   Today back, yes?
 5        A.   Today back.  I've been at American E&S for
 6   four years, it will be four years in January.  Before
 7   then, I managed the Tux Shop for two years while I
 8   went to college.
 9        Q.   I should have asked this before.  What's
10   your date of birth?
11        A.   February 11th, 1975.  And prior to that,
12   worked at Tully's Coffee.
13        Q.   All in the Seattle area?
14        A.   Mm-hmm.
15        Q.   One of the other rules that we have to
16   follow with depositions is nods of the head, shaking
17   of the head, and the uh-uhs and uh-huhs just don't
18   pick up very well on the record.
19        A.   Okay.
20        Q.   So if you could give me whatever your answer
21   is, a yes, a no, or the direct explanation out loud,
22   that would really help, okay?
23        A.   Perfect.
24        Q.   Okay.  You mentioned that you were in school
25   for two years while you were working for the Tux
```

```
 1     A.    Yes, I did.
 2     Q.    Here in Seattle?
 3     A.    Shelton, Washington.
 4     Q.    Okay.  What year did you graduate?
 5     A.    Ninety-four.
 6     Q.    Okay.  If I understand it right, then, your
 7  work in the insurance industry has all been for
 8  American E&S?
 9     A.    Yes.
10     Q.    Did you have any training in the field of
11  insurance prior to working for American E&S?
12     A.    No.
13     Q.    Any studies in school relating to insurance?
14     A.    No.
15     Q.    How did you get interested in the insurance
16  field?
17     A.    I was looking for a job, and my
18  sister-in-law-to-be works at Accordia downstairs, and
19  she told me about an opening here, and I applied.
20     Q.    Okay.  What positions have you held with
21  American E&S?
22     A.    Account assistant.
23     Q.    And what is an account assistant?
24     A.    Account assistant, and this is for general
25  liability and property, they issue binders, do
```

1    billings, process policies, general correspondence.
2       Q.    Did you -- strike that.
3             Who were you working for as an account
4    assistant?
5       A.    Robin Goldman.
6       Q.    And what years did you have that position?
7       A.    From 2001 to a year and a half later, so --
8       Q.    Sometime in 2002?
9       A.    Yes.
10      Q.    Okay.  After that position, what did you do?
11      A.    Concurrently with that position, I was also
12   the claims assistant.
13      Q.    Okay.  Were you reporting to somebody else
14   as claims assistant?
15      A.    Yes, I was.
16      Q.    Who was that?
17      A.    Gavin Jordy (phonetic).
18      Q.    I'm sorry, the first name?
19      A.    Gavin.
20      Q.    Gavin.  What was your job as claims
21   assistant?
22      A.    Processing claims, taking them from the
23   agent and giving that information over to the
24   company.
25      Q.    And when you say the company, what do you

1    A.    Delta by inlet.

2    Q.    Yukon delta by inlet?

3    A.    Yes.

4    Q.    Okay.  Now it makes sense to me.  Do you

5  know how long you talked Mr. Goddard?

6    A.    I don't recall.

7    Q.    It appears that he left a phone number with

8  you?

9    A.    Yes.

10   Q.    Okay.  Do you know what the number is in the

11 upper right-hand corner?

12   A.    I don't.

13   Q.    What did you do after you talked to Mr.

14 Goddard?

15         MR. ALTENBRUN:  Object to the form of the

16 question.

17         THE WITNESS:  I contacted Dave Willoughby.

18   Q.    Who's Dave Willoughby?

19   A.    He is our -- he is Underwriters' 24-hour

20 pollution response adjuster.

21   Q.    Did you need to seek authority from anybody

22 before contacting Mr. Willoughby?

23   A.    No.

24   Q.    That was a call you made on your own?

25   A.    No.

WITNESS: AMANDA SCHAEFFER  10/29/04                                94

```
 1                  C E R T I F I C A T E

 2   STATE OF WASHINGTON )

 3                       )

 4   COUNTY OF KING      )

 5              I, the undersigned Notary Public in and

 6   for the State of Washington, do hereby certify:

 7              That the annexed and foregoing deposition

 8   of each witness named herein was taken

 9   stenographically before me and reduced to typewriting

10   under my direction;

11              I further certify that the deposition was

12   submitted to each said witness for examination,

13   reading and signature after the same was transcribed,

14   unless indicated in the record that the parties and

15   each witness waive the signing;

16              I further certify that all objections made

17   at the time of said examination to my qualifications

18   or the manner of taking the deposition, or to the

19   conduct of any party, have been noted by me upon said

20   deposition;

21              I further certify that I am not a relative,

22   employee, attorney or counsel of any of the parties

23   to said action, or a relative or employee of any such

24   attorney or counsel;

25              I further testify that I am not in any way
```

CONTINENTAL REPORTING, INC.
SEATTLE, WASHINGTON
(800) 624 - 3377

Exhibit 9
Page 8 of 9

WITNESS: AMANDA SCHAEFFER  10/29/04                                  95

1  financially interested in the said action of the
2  outcome thereof;
3           I further certify that each witness before
4  examination was by me duly sworn to testify the
5  truth, the whole truth and nothing but the truth;
6           I further certify that the deposition; as
7  transcribed, is a full, true and correct transcript
8  of the testimony, including questions and answers,
9  and all objections, motions, and exceptions of
10 counsel made and taken at the time of the foregoing
11 examination.
12
13          IN WITNESS WHEREOF, I have hereunto set my
14 hand and affixed my official seal this _____ day of
15 _____, 2004.
16
17
18          _____
19          Barbara L. Nelson
20          Notary Public in and for the State
21          of Washington, residing in Seattle.
22          CCR #1998
23
24
25

CONTINENTAL REPORTING, INC.
SEATTLE, WASHINGTON
(800) 624 - 3377

Exhibit G
Page 9 of 9