IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

| | |
|---|---|
| CARL ANVIL; BARBARA ANVIL; JULIA KANUK; FRANK CHANEY; JOHN McMILLAN; JOHN KANUK individually and on behalf of HENRY ROBERT KANUK, a minor; HENRY A. KANUK, individually and on behalf of CHARLES P. KANUK, KYLE R. KANUK, minors; WILLIAM KANUK, individually, and as parent and next friend of HEATHER KANUK, NELSON KANUK, AMBER KANUK, and MICHAEL KANUK, Minors; ANDREW MARTIN, individually, and as parent and next friend of CHARLENE MARTIN, EMMA MARTIN, AUSTIN P. MARTIN and SHAWN Q. MARTIN, Minors; and GRACE DAVID, individually, and as parent and next friend of NATHANIEL K. DAVID and JAYLENE A. DAVID, minors; and PHILLIP NOES and ALICE NOES, individually, and as parents and next friends of SONYA NOES, JAMIE NOES, KATHERINE NOES, and as grandparents and next friends of JOSHUA MORGAN, KIERAN SAMUELSON and ANDREA ALLEN, Minors | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| INLET FISHERIES, INC.; INLET FISH PRODUCERS, INC.; VINCE GODDARD, individually and as agent of corporations; JOHN DOE 1 and JOHN DOE 2 | ) ) ) ) ) |
| Defendants. | ) ) |

Case No.: 4BE-03-86 Civil

### THIRD AMENDED COMPLAINT

The plaintiffs, through their attorneys, Jim Valcarce and Christopher R. Cooke of HEDLAND, BRENNAN, HEIDEMAN & COOKE, and hereby incorporate all allegations as set forth in previous complaints, and amends this said complaint by alleging as follows:

HEDLAND, BRENNAN HEIDEMAN & COOKE
ATTORNEYS AT LAW
900 THIRD AVENUE
P.O. BOX 409
BETHEL, ALASKA 99559

EXHIBIT M
Page 1 of 7

1. The Plaintiffs named above are owners, occupants and/or users of homes and fish camps on or near a portion of the Kuskokwim River known as "Steamboat Slough" near the City of Bethel, Alaska.

2. Plaintiffs named above are residents of the Bethel Venue District in the Fourth Judicial District, State of Alaska.

3. Defendant Inlet Fisheries, Inc., is a domestic corporation, which at all times relevant to this complaint, was doing business in the Bethel Venue District, Fourth Judicial District, State of Alaska. The defendant's registered agent is Vincent L. Goddard, of P. O. Box 530, Kenai, Alaska 99611.

4. Defendant Inlet Fish Producers, Inc., is a domestic corporation, which at all times relevant to this complaint, was doing business in the Bethel Venue District, Fourth Judicial District, State of Alaska. The defendant's registered agent is Vincent L. Goddard, of P. O. Box 114, Kenai, Alaska 99611.

5. Defendant Vincent Goddard resides in Kenai, Alaska but on information or belief, at all times relevant to this complaint, he worked in Bethel, Alaska.

6. John Doe 1 and John Doe 2 are individuals who have yet to be identified who acted negligently in causing hazardous substances to spill from vessels, or otherwise made decisions to abandon vessels containing hazardous substances, at or near the plaintiffs' fish camps and residences, as alleged herein.

7. The events that are the subject of this litigation occurred at or near Bethel in the Fourth Judicial District, State of Alaska.

8. Defendant Inlet Fisheries, Inc., at all times relevant hereto, was the

HEDLAND, BRENNAN
HEIDEMAN & COOKE
ATTORNEYS AT LAW
800 THIRD AVENUE
P. O. BOX 409
BETHEL, ALASKA 99559

Third Amended Complaint
4BE-03-86 Civil
EXHIBIT M
Page 2 of 7
Page 2

owner of vessels, including the *Qanirtuuq Princess*. On information or belief, at all times relevant to this complaint, Inlet Fish Producers, Inc., was the owner of the *Harvester Barge*, and other vessels, which were moored in Steamboat Slough, described above.

9. At various points in time, from at least Aug. 2002, defendants' vessels, including *Qanirtuuq Princess*, and *Harvester Barge* leaked oil, pollutants, contaminants and other hazardous substances into Steamboat Slough and other waterways. The oil and other pollutants were carried onto the beaches, shoreline and land adjacent to these waterways.

10. The discharge of oil, ammonia, contaminants, hazardous substances other pollutants from defendants' vessels, described above, was caused by the negligent, careless, reckless and unlawful acts and omissions.

**(Count I. Direct negligence of Vincent Goddard and John Doe 1 and 2)**

11. Plaintiffs hereby incorporates by reference the preceding paragraphs of the complaint and further state that the incident described by preceding paragraphs, on information or belief, was directly and proximately caused by the negligence of Vincent Goddard, John Doe 1 and John Doe 2, including but not limited to, negligence in supervision and direction of staff; negligence in abandoning the vessels; negligence in failing to secure contaminants; negligence in preventing the release and discharge; and negligence in failing to timely respond and remedy the hazard.

**(Count II. Corporations' vicarious liability)**

12. Plaintiffs hereby incorporate by reference the preceding paragraphs of the complaint and further state that upon information or belief that at the time

HEDLAND, BRENNAN
HEIDEMAN & COOKE
ATTORNEYS AT LAW
900 THIRD AVENUE
P.O. BOX 409
BETHEL, ALASKA 99559

Third Amended Complaint
4BE-03-86 Civil

EXHIBIT M
Page 3 of 7

Page 3

of the negligent acts detailed above, the individual defendants were acting either within the scope of their employment with one or both of the named defendant corporations or with the knowledge and consent of defendant corporations, and defendant corporations are liable for the negligent acts and omissions of its agents, servants and employees under the theory of respondeat superior

### (Count III. Corporations' negligence)

13. The defendant corporations named above are liable to the plaintiffs for its negligence, including but not limited to, negligent storing, mooring and abandoning vessels; negligence in failing to respond when notified of the hazard; and otherwise negligence in causing the release of the oil, pollutants, contaminants and other hazardous substances.

### (Count IV. Strict Liability)

14. Defendants are strictly liable for such discharge of oil, pollutants, contaminants and other hazardous substances under Alaska Statutes and/or other applicable laws, regulations and authority.

### (Count V Trespass/Nuisance.)

15. Defendants are liable for such damages caused by the discharge of oil, pollutants, contaminants and other hazardous substances under theories of trespass and private and/or public nuisance.

### (Count VI. Claims Against Third Parties)

16. Plaintiffs hereby asserts a direct claim of liability against any third party joined for allocation of fault pursuant to Civil Rule 14(c).

HEDLAND, BRENNAN
HEIDEMAN & COOKE
ATTORNEYS AT LAW
900 THIRD AVENUE
P.O. BOX 409
BETHEL, ALASKA 99559

Third Amended Complaint
4BE-03-86 Civil

Page 4

EXHIBIT M
Page 4 of 7

**(Claims for Relief)**

17. As a direct and proximate result of each of the defendants' negligence, trespass, nuisance and other unlawful acts and omissions alleged above, the named plaintiffs suffered damage, injury and loss including, but not limited to, the following:

   a. Damage to and contamination of real property owned by the plaintiffs or in which plaintiffs have an interest;

   b. Damage to personal property;

   c. Physical injuries and illness, including nausea and sickness, pain and suffering, and loss of quality and enjoyment of life, including a loss in the ability to engage in subsistence fishing and other subsistence activities,

   d. Other economic and non-economic losses to be proven at trial.

18. That the value of each plaintiff's loss caused by the defendants is in excess of $50,000.00, the exact amount to be proven at trial.

**(Punitive Damages)**

19. That the wrongful and unlawful conduct of named defendants described above, was intentional, reckless and/or grossly negligent, entitling plaintiffs to an award of punitive damages, in an amount to be proven at trial.

WHEREFORE, Plaintiffs, and each of them, pray for the following relief against defendant:

1. Compensatory damages in excess of $50,000, the exact amount to be proven at trial.

2. Punitive damages in an amount to be proven at trial.

HEDLAND, BRENNAN
HEIDEMAN & COOKE
ATTORNEYS AT LAW
900 THIRD AVENUE
P.O. BOX 409
BETHEL, ALASKA 99559

3. For payment of interest, costs and attorney's fees.

4. For such other relief as this court deems just in the premises.

Dated this ___15___ day of December 2003, at Bethel, Alaska.

HEDLAND, BRENNAN, HEIDEMAN &COOKE
Attorneys for the Plaintiffs

_____
Christopher R. Cooke
ABA No. 7011052

_____
Jim J. Valcarce
ABA No. 9505011

Hedland, Brennan Heideman & Cooke
Attorneys at Law
900 Third Avenue
P.O. Box 409
Bethel, Alaska 99559

Third Amended Complaint
4BE-03-86 Civil

EXHIBIT M
Page 6 of 7

Page 6

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

CARL ANVIL et. al.,

    Plaintiffs,

vs.

INLET FISHERIES, INC.,
a domestic corporation,

    Defendant.

Case No.: 4BE-03-86 Civil

## CERTIFICATE OF SERVICE

LATESIA GUINN, certifies that she is an authorized agent of Hedland, Brennan, Heideman & Cooke for the service of papers pursuant to Civil Rule 5, and on the date stated herein she files the listed document in the above named court and mailed copies thereof to the person listed below:

**Documents Mailed:**

MOTION TO AMEND COMPLAINT
MEMORANDUM IN SUPPORT OF MOTION TO AMEND COMPLAINT
PROPOSED ORDER REGARDING THIRD AMENDED COMPLAINT
THIRD AMENDED COMPLAINT

**Person Served:**

INLET FISHERIES, INC.
William Bankston
BANKSTON, GRONNING, O'HARA, SEDOR, MILLS, GIVENS & HEAPHEY, PC
550 W. 7th Ave., Suite 1800
Anchorage, Alaska 99501

Dated this 15th day of December 2003, Bethel, Alaska.

_____
LATESIA GUINN

HEDLAND, BRENNAN
HEIDEMAN & COOKE
ATTORNEYS AT LAW
900 THIRD AVENUE
P.O. BOX 408
BETHEL, ALASKA 99559

EXHIBIT M
Page 7 of 7