Brewster H. Jamieson, ASBA No. 8411122
LANE POWELL PC
301 W. Northern Lights Blvd., Suite 301
Anchorage, AK 99503-2648
Telephone: (907) 277-9511
Facsimile: (907) 276-2631

Christopher W. Nicoll
NICOLL BLACK MISENTI & FEIG PLLC
816 Second Avenue, Suite 300
Seattle WA 98104
Telephone: (206) 838-7555
Facsimile: (206) 838-7515

Attorneys for Plaintiffs & American E&S Insurance Brokers California, Inc.

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYDS, LONDON, SUBSCRIBING TO CERTIFICATE OF INSURANCE OP01 0025, through Puget Sound Underwriters, Inc., <br><br> Plaintiffs, <br> v. <br><br> INLET FISHERIES, INC., an Alaska corporation, and INLET FISH PRODUCERS, INC., an Alaska corporation, <br><br> Defendants. | |
| INLET FISH PRODUCERS, INC., an Alaska corporation, <br><br> Third-Party Plaintiffs, <br> v. <br><br> TOTEM AGENCIES, INC., a Washington Corporation, and AMERICAN E&S INSURANCE BROKERS CALIFORNIA, INC., A Washington corporation, <br><br> Third-Party Defendants. | IN ADMIRALTY <br><br> NO. A04-0058CV (JWS) <br><br> **DECLARATION OF** <br> **CHRISTOPHER W. NICOLL** |

I, Christopher W. Nicoll, declare as follows:

---

**Declaration of Christopher W. Nicoll**
*Certain Underwriters at Lloyds v. Inlet Fisheries, Inc.* (Case No. A04-0058 CV (JWS))

EXHIBIT ___A___
PAGE __1__ OF __3__

1. My name is Christopher W. Nicoll. I am one of the counsel for Certain Underwriters at Lloyd's. I am competent to make this declaration. The facts set forth in this declaration are from my personal knowledge and are provided in support of Certain Underwriters at Lloyds' Motion for Attorneys' Fees.

2. Attached as Exhibit 1 to this declaration are true and correct copies of invoices from the law firm of Lane Powell, Anchorage, Alaska. Descriptions containing or revealing confidential attorney-client communications or work product have been redacted.

3. Attached as Exhibit 2 to this declaration are true and correct copies of invoices from the law firm of Cozen O'Connor, Seattle, Washington. Descriptions containing or revealing confidential attorney-client communications or work product have been redacted.

4. Attached as Exhibit 3 to this declaration are true and correct copies of invoices from the law firm of Nicoll Black Misenti & Feig, Seattle, Washington. Descriptions containing or revealing confidential attorney-client communications or work product have been redacted.

5. Underwriters possess and will provide non-redacted versions of Exhibits 1-3 to the Court for an in camera inspection upon Order by the court.

6. Local Rule 54.3(3)[C] requires a "detailed itemization" of the attorneys' fees to be included in the motion. To some extent, the rule conflicts with the attorney-client privilege or the work product doctrine. For example, even entries that do not contain specific client confidences provide general information regarding what legal or factual areas the attorneys concentrated on. In recognition of this inherent conflict, we have erred on the side of Rule 54.3's "detailed itemization" requirement and redacted only where particularly necessary. In doing so, Underwriters and AE&S in no way waive their attorney-client privilege or work product confidentiality.

**Declaration of Christopher W. Nicoll**
*Certain Underwriters at Lloyds v. Inlet Fisheries, Inc.* (Case No. A04-0058 CV (JWS))

EXHIBIT __A__
PAGE __2__ OF __3__

7. Attached as Exhibit 4 to this declaration is a chart summarizing all attorney fees for which Plaintiffs and AE&S are requesting reimbursement. The chart provides a summary of the invoices contained in Exhibits 1-3. The chart breaks down each invoice by attorney, paralegal, or law clerk. Various "adjustments" are included in the chart to account for time that was not necessarily incurred with respect to the federal litigation. Generally, these items were purely related to the state litigation or for some purpose not germane to the litigation. The remaining items contained in Exhibit 4 were necessarily incurred for the prosecution of this matter. The attorneys' fees charged, which were necessarily incurred in this lawsuit, are $385,834.00.

8. Based on my 26 years of practicing law, the billing rates charged and the amount of time spent by counsel for Underwriters and AE&S were (and are) reasonable in view of the complexity of the case, the importance of the issues, the number of issues and parties, the conduct of the opposing parties, and the experience of the lawyers involved. I made every effort to utilize less expensive lawyers and paralegals, and to attempt to resolve this matter early.

9. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated this 14th day of April, 2006 at Seattle, Washington.

_____
Christopher W. Nicoll

**Declaration of Christopher W. Nicoll**
*Certain Underwriters at Lloyds v. Inlet Fisheries, Inc.* (Case No. A04-0058 CV (JWS))

EXHIBIT __A__
PAGE __3__ OF __3__